Henderson, Chief-Justice.
 

 —
 

 Upon the third point in the, case, the color of title, the judge after having disposed of the actual title,-and limiting it to the boundaries of
 
 Clarke’s
 
 grant, and after pointing out a difference in the calls of the grant and those of
 
 Walker’s
 
 deed to
 
 Colson,
 
 the first calling for a
 
 red
 
 oak, and the latter for an oak only, at the termination of the third line, informed the jury that they must consider whether the descriptions were so different as to vary the boundaries of the deed from those of the grant, and whether the deed covered all, or any of the land in dispute, if it did, it was color of title for so much and no
 
 more
 
 ; that if they should be of opinion, that the boundaries of the land described in
 
 Clarke’s
 
 grant went no farther than the line F. Gr. and if they should think that the boundaries of the deed from
 
 Walker
 
 to
 
 Colson
 
 were the same as the boundaries set out in the grant, then there would be no color of title. If there could be any doubtof what thejudge intended to say, and in fact of what he did say, it is rendered certain by his remarks on the motion for a new trial. The jury, he then observed, were to determine whether the boundaries of the deed were intended to be the pine at B. and the while oak at D. if they were, it was color of title; but if it meant to convey only the land described in the grant, and the grant slopped short of D. then would color of title under the deed stop whore the grant stopped. By this. I understand the judge to mean, if the calls of the grant and the calls of the deed were the same, (upon paper, upon their faces,) and there was nothing to control the courses and distances of the grant, that is, nothing to designate the pine, the gum, and oak
 
 *525
 
 called for in it, so that we must resort to course and distance to locate it; its location was also the location of the deed. In this I think the judge committed an error, for although the parties might have thought, and no doubt did think, that they were surveying the lands granted to
 
 Clarke,
 
 and that his grant covered all the lands described in the deed ; yet it is what the parties
 
 actually did,
 
 and not what
 
 they thought
 
 they did, (in this particular,) that we are to act on. Suppose in this case, it was proven, that the pine was marked at B. and the oak at D. as the pine and oak called for in the deed ; could it be said that these were not the actual boundaries of'the deed, because the parties thought that they were also the boundaries of the patent — would this displace the trees and obliterate the marks, and, cause them not to be the bounds described by, and called for in the deed? It is true, title passed no farther than the patent extended, because beyond that, the vendor had none, but still the pine and oak would be the
 
 termini
 
 of the deed, because they were the objects called for by it. The judge was mistaken in supposing, that because these were also the calls of the grant, and there being nothing to shew that they were the trees called for in it, and of course that the grant could not be extended to
 
 them;
 
 so neither could the deed, because the parties thought that the lands conveyed by the deeds were the same with those covered by the grant. The jury should have been informed, that if they believed the pine at B. the gum at Y. and the oak at D. were called for in either of the mesne deeds, that those trees were the boundaries of the deeds, and to them they should extend. I have no doubt but the evidence proved this ; for although the facts are evidently stated, as applying to the boundaries of the grant only, yet, enough appears to show that the deed from
 
 Walker
 
 to
 
 Colson
 
 should go to B. C. and D.; not because the grant calls for a
 
 red
 
 oak, and the deed for an
 
 oak
 
 only, but because it is shewn they were marked when the survey of the land was made, preparatory to the execution of the deed. I say marked, not only because the witnesses swear that they were then marked, but because the murks
 
 *526
 
 now found upon them, (except the gum, which is not found at C.) corresponds in age, with the date of the deed, and with the reputation of the neighborhood, that they are the hounds of
 
 Walker's
 
 and
 
 Colson's
 
 lands. The calls of coterminary grants and deeds, for a great number of years, also prove the white oak at D. to be
 
 Walker's
 
 lower corner. This appears, although it is evident that the case was made to locate the patent, and not the deed, as the age of the marks upon the pine is not stated, nor the date of the deed from
 
 Walker
 
 to
 
 Colson;
 
 it is only said that the marks on the pine were too young for the patent. We learn from,an incidental remark of the judge, that the marks on the pine correspond in age, with the date of
 
 Colson's
 
 deed. From this, I think it probable that the pine at B. and the oak at B. are the trees called for in the deed, and if so, what is there to control that description ; not the course and distance, because they are less certain than marked trees ; not- the patent, I think, for they were thought to be also boundaries of the patent; and if they are not, or rather are not shown to be, will that obliterate their marks and make them other than what the deed makes them, when proven to be the objects called for as its boundaries? Do they lose their identity, because another description is also given, which turns out to he a false one, or incapable of being ’ shown?' It is true, that when a thing is called for as having two identities or distinguishing marks, both capable of being ascertained, if they exist, as an oak with two chops upon it, and an oak with only one chop upon it is produced as the thing described, it is plain that this is not the oak called for, as that has two chops, and that shown has hut one. But the description here, is a pine, a gum and an oak, and the grant is not even mentioned. But suppose the deed had described them as the trees described in the
 
 grant;
 
 it only negatively appears, that they are not the trees called for in the latter. But suppose, it was positively proved, that they were
 
 not,
 
 which in this case could only satisfactorily appear by showing others. Here there are two descriptions, ■which create an ambiguity, for there is none upon the
 
 *527
 
 fact of tile deed. Which shall we take? The answer, by Lord Bacon. is, that which is best supported by proof. A thing dehors the deed is shown by parol, it is a latent ambiguity, and shall be explained by parol. I have supposed two things, neither of which' exist in this case; first, that the deed describes the trees as also the boundaries of the grant j and secondly, that other trees, besides the pine, the gum and red oak, are shown as those boundaries. If this would not control the description, when it is shown that this pine, this gum, this oak, are the trees called for in the deed, I cannot understand how the-mere, course and distance of the grant can control it, as no other tree is shown as the boundary of the grant. To adoptthis rule, would be to abandon a certain descx’iption under a pretence of greater certainty, and when called upon for this greater certainty, to refer to course and distance, which is admitted to be the least certain of any description, and only resorted to when all others fail. I must conclude, therefore, that whatever may have been the title of
 
 Walker
 
 to the lands without the grant, that his deed to
 
 Colson
 
 covered the lands up to those trees, if they are shown to be the trees called for as
 
 termini
 
 in his deed
 
 ;
 
 and therefore, the deed was color of title up to them. It seems to me also, that the judge was too rigid in the rule respecting the
 
 termini
 
 of the grant; for if we are not permitted, in cases of very old grants calling for perishable
 
 termini,
 
 such as trees, to substitute something for the tree, which may long since have perished, or been destroyed ; such as a long continued possession under the grant, pointing to the place where the trees stood, and of the adjoining lands, the reputation of the neighborhood, and the calls of cotcrminary grants or deeds, we shall, in almost every case of old grants, be remitted to courses and distances, which will give in many cases, a different location to them, from that which they originally had. Í do not say tiiat this is one of the cases requiring it; it may, or may not be, and therefore, the new trial is granted on other grounds.
 

 Where the calls of a grant, and the calls of a deed, or «f two deeds are the same, and the
 
 termini
 
 are unique;
 
 *528
 
 then as the
 
 termini
 
 are the same, the locations are the same, for there are not two objects of the same kind as those called for in the grant and deed. But where the
 
 termini
 
 arc not unique, as a pine, a hickory, an oak or a rock, as there are many pines, hickories, oaks and rocks, there may be proof to show that particular trees or rocks, are the trees or rocks called for in the deed, though there may be no proof, or not sufficient proof to show that they are the trees called for in the grant, and the proof not being sufficient to fix the location of the patent, cannot remove that of the deed, and transfer it to the location of the patent by its courses and distances. I think the facts in this case duly exemplify and illustrate the above positions.
 

 Per Curiam. — Judgment reversed.