P. W. GARLAND, TRUSTEE IN BANKRUPTCY OF LUTHER C. ARROWOOD, v.
LUTHER C. ARROWOOD AND WIFE, LAURA.

(Filed 29 November, 1916.)

1. **Bankruptcy—Trustee—Limitation of Actions.**

The trustee in bankruptcy is subrogated to the rights of the creditors as to the plea of the statute of limitations; and where the bankrupt may sustain his plea against the creditors, he may also sustain it as to the trustee.

2. **Limitation of Actions—Plea—Trials—Questions for Jury.**

The plea of the statute of limitations generally involves a mixed question of law and fact, and where the facts are not admitted they must be found by a jury unless by consent they are found by the court.

3. **Limitation of Actions—Pleas—Reference—Appeal and Error.**

- Where the plea of the statute of limitations is a good plea in bar of the action, it is reversible error to order a reference until the plea is disposed of.

4. **Limitation of Actions—Pleas—Trials—Burden of Proof.**

When the statute of limitations is pleaded in bar of an action, the burden of proof is on the plaintiff to show that his cause of action accrued within the time limited by the statute.

5. **Limitation of Actions—Pleas—Bankruptcy—Fraud—Trials—Questions for Jury—Reference—Appeal and Error.**

Where the bankrupt pleads the three-year statute of limitations against the trustee in bankruptcy, in the latter's action to recover money alleged to have been expended on the lands of another, with the consent of such other person, in fraud of the bankrupt's creditors, under an arrangement that the lands should be devised to the bankrupt, and that it was in fact devised to the bankrupt's wife under a further agreement, and that she had accordingly become the owner of the lands; and it is set out in the plea in bar that the creditors were aware of this arrangement more than three years prior to the adjudication in bankruptcy, and also alleging circumstances that would have put them upon reasonable inquiry, it is reversible error for the trial judge to hold, as a matter of law, that the plaintiff's action was not barred, and order a reference upon the other phases of the case.

CIVIL ACTION, tried at April Term, 1916, of GASTON, before *Carter, J.*
The court made an order of reference to try all issues of law and fact involved in the case, adjudging "that the issue raised on the plea of the statute of limitations pleaded by defendants is determined by the court against the defendants; that the statute of limitations pleaded as aforesaid is not a bar to the action, does not apply, and the same is overruled." Defendant excepted and appealed.

*S. J. Durham, Mangum & Woltz for plaintiff.*
*J. W. Keerans and A. C. Jones for defendants.*

BROWN, J. This action is brought by plaintiff as trustee in bankruptcy of Luther C. Arrowood to subject certain lands to the charge of certain money alleged to have been wrongfully invested by the bankrupt in building a barn and dwelling-house and in making other improvements thereon with the consent of the owner, William C. Arrowood, and in fraud of the creditors of the bankrupt. The allegations are that this money was invested in the erection of buildings on the land under an agreement that William C. Arrowood should devise the land, known as the home place, to the defendant, his son Luther; that after the contract had been carried out on the part of said defendant, the will which had been executed in pursuance of the agreement was destroyed and another will was executed devising the property to defendant Laura, the wife of said Luther, which said will was duly probated upon death of William C. Arrowood. Plaintiff further alleges that at the time said Luther was largely indebted and that the money was unlawfully invested for the purpose of defrauding creditors, with the knowledge and consent of William C. Arrowood.

Among other defenses, the defendants plead the statute of limitations as follows: "That said barn and dwelling-house thereon were erected on the land of William Arrowood in 1900, 1905, and 1906, as set forth in the preceding paragraphs; the barn about ten and the dwelling-house about five years before Luther C. Arrowood was adjudicated a bankrupt and nearly eleven (11) and six (6) years respectively before the death of William Arrowood, on 22 April, 1911; that for more than three years prior to the institution of this action and for more than three years prior to the adjudication of Luther C. Arrowood as a bankrupt and the death of William Arrowood, the creditors of said Luther C. Arrowood well knew, or could have known by exercise of ordinary care, when said buildings were erected and in what manner they were paid for, and, further, that said Luther C. Arrowood was the agent of and manager of the farm or land of William Arrowood and attended to matters thereon for him, yet brought no action whatever to attempt to recover any portion of said land or premises or to subject same to any trust in order to apply to their debts as against Luther C. Arrowood; that said cause of action, as set forth in the complaint (which are expressly denied), accrued more than three years prior to the institution of this action and more than three years prior thereto since the creditors of Luther C. Arrowood and this plaintiff knew of the relations of Luther C. Arrowood to the farm of his said father and the manner in which said buildings were erected and paid for; and this defendant hereby expressly pleads the three years statute of limitations, in force in North Carolina, during

all the periods set forth in the complaint; and now, and then, existing by statute, as well as the bankrupt act, especially 67-E and 70-E thereof, in bar of any recovery in this action, or to enforce any of said alleged claims or causes of action against the land and premises of William Arrowood or to enforce any alleged claim thereon in order to apply to the debts of Luther C. Arrowood."

We are of opinion that *the court erred in holding, as a matter of law, upon the pleadings, that defendant's plea of the statute of limitations, was not a bar to the action, and referring same without first having the plea determined by a jury upon the facts.*

In passing upon the sufficiency of the plea as a matter of law, the court must take the facts pleaded to be established. That being so, it appears that the money was invested in the buildings erected upon the land of William C. Arrowood some ten years and five years before defendant Luther was adjudicated bankrupt, that the creditors were fixed with knowledge of the fraud for more than three years before the adjudication in bankruptcy. It is manifest that, under these facts, the bar of the statute could have been successfully interposed by the defendant Luther against his creditors prior to the adjudication in bankruptcy.

In *Sinclair v. Teal,* 156 N. C., 460, it is held: "The statute runs from the discovery of the fraud, or when it should have been discovered in the exercise of ordinary care." *Pelletier v. Cooperage Co.,* 158 N. C., ...; *Peacock v. Barnes,* 142 N. C., 219; *Jefferson v. Lumber Co.,* 165 N. C., 49.

When the plea of the statute is good against creditors, it is good against a trustee in bankruptcy, for the trustee is only subrogated to the rights of creditors and may sue to avoid any conveyance which a creditor could have avoided. Collier on Bankruptcy (10 Ed.), p. 1042 E.

In Woodman on the Law of Trustee in Bankruptcy, p. 585, it is said: "It is clear that under section 70-E the trustee may avoid transfers made before the commencement of the four months preceding the filing of the bankruptcy petition, as well as during that period, and it is immaterial how long before the four months period a transfer was made, provided the right to avoid it has not been barred by a State statute of limitations prior to the date of the filing of the bankruptcy petition."

In *Sheldon v. Parker,* 92 N. W., 923-9-30 (Neb.), the Court said: "A trustee in bankruptcy may maintain an action to set aside a conveyance by the bankrupt at any time within two years after the estate has been closed, provided the action was not barred by the State law at the time when the petition in bankruptcy was filed."

*In re Dunavant,* 96 Fed. Reporter, 543 (N. C.), the Court said: "Where in proceedings in bankruptcy creditors impeach a deed of land made to a son of the bankrupt, alleging that it was procured by the

38—172

bankrupt as a means of defrauding his creditors, but an action to set aside such deed would have been barred by the statute of limitations in the courts of the State before the adjudication in bankruptcy, the bankrupt may plead the statute in bar of the petition of such creditors"; and on page 549 the Court said: "It is insisted by creditors that the statute only began to run from the date of the discovery of such fraud or mistake; Code N. C., sec. 155, subsec. 9, above quoted. Conceding that to be true, it appears from the evidence that all of the material facts in this matter were known to the judgment creditors and their attorney of record more than three years before the filing of. the petition in bankruptcy by Dunavant"; and on page 550 the Court further says: "The plea of the statute of limitations in this case interposed by the bankrupt is sustained."

To same effect is *Pace's Trustee v. Pace,* 172 S. W., 926; 1 Wood on Lim. (4 Ed.), 336.

The court could not properly decide that the action is not barred upon the facts stated in the answer, for it is settled that if those are the true facts it is barred according to the authorities. When the statute is pleaded by defendant, the burden is upon the plaintiff to prove that his cause of action accrued within the time limited for bringing it. *Hussey v. Kirkman,* 95 N. C., 66; *Sprinkle v. Sprinkle,* 159 N. C., 82.

The plea of the statute of limitations generally involves a mixed question of law and fact, and when the facts are not admitted they must be found by a jury, unless by consent they are found by the court. *Oldham v. Rieger,* 145 N. C., 259.

Such plea constitutes a good plea in bar, and it is error to order a reference until the plea is disposed of. *Jones v. Wooten,* 137 N. C., 421; *Royster v. Wright,* 118 N. C., 152.

Reversed.