ETTA B. PAYNE POTTS v. LELA PAYNE, JAMES PAYNE AND HIS WIFE, ELLA PAYNE; G. W. PAYNE AND HIS WIFE, BETTY PAYNE; W. D. PAYNE AND HIS WIFE, ESTA PAYNE; ANNIE PAYNE, UNMARRIED; W. C. IDOL, TRUSTEE, AND WACHOVIA BANK AND TRUST COMPANY.

(Filed 27 January, 1931.)

1. **Husband and Wife G a—Absolute divorce changes estate by entirety to tenancy in common.**

The effect of an absolute divorce is to sever the title to lands held by the husband and wife in entirety, and they will hold the title as tenants in common.

2. **Adverse Possession A h—Deed of wife to husband held under facts of this case to be color of title.**

Where the wife for a monetary consideration has attempted to convey her estate by entirety to her husband, observing all the statutory requirements concerning a wife's conveyance to her husband, and thereafter an absolute divorce has been decreed, the wife's deed to her husband is color of title even if it be void, and his sufficient adverse possession for seven years, C. S., 428, will ripen the fee-simple title in him, and upon conflicting evidence a question is raised for the determination of the jury as to the length and character of the possession. C. S., 997, 2515, 3324.

APPEAL from *Schenck, J.,* and a jury, at August Term, 1930, of GUILFORD. New trial.

This is an action brought by plaintiff, former wife of P. L. Payne, who was married to him on 24 February, 1898 (they had no children and an absolute divorce between them was decreed in 1925), against the widow, second wife, of said Payne, and his heirs at law, for partition of certain real estate deeded to P. L. Payne and his wife the plaintiff— they holding the estate by entirety.

On 21 March, 1922, the plaintiff and her then husband P. L. Payne, signed under their respective hands and seals, certain paper-writings

duly recorded. One of the paper-writings was a deed of separation, in which plaintiff received from P. L. Payne $7,500, and certain articles of personal property, and plaintiff conveyed all of her right, title and interest to the lands in controversy held by the entirety to P. L. Payne and his heirs and assigns. Each also released to the other all rights by virtue of the marital relations existing between them. In said deed of separation is the following: "Whereas, the said parties for sometime past have lived separate and apart; and, Whereas, the said parties have agreed upon the signatures ensealing and delivery of these presents to continue to live separate and apart each from the other," etc. Plaintiff also by deed on the same day, after the execution of the deed of separation, for the consideration of $7,500 and certain articles of personal property bargained, sold and conveyed to P. L. Payne and his heirs and assigns all her right, title and interest to the lands in controversy. In said deed is the following: "And the said P. L. Payne, party of the second part, by the signature to the deed of separation hereinbefore referred to, and by the acceptance of this deed of conveyance, has and does signify his assent in writing to the making of this conveyance, the signature to the said deed of separation having been made prior to the signature, ensealing and delivering of this deed . . . and the said Lou Etta Payne for herself, her heirs and personal representatives, covenants with the said P. L. Payne, his heirs and assigns, as follows: That the said Lou Etta Payne is seized in fee simple of an undivided one-half joint interest in and to the said lands and premises hereinbefore conveyed; that she, with the above recited written consent of her said husband, P. L. Payne, has good and lawful right to convey the same in fee simple; that the title to the said undivided one-half joint interest above conveyed is free and clear of all liens and encumbrances of whatsoever kind, and that the said Lou Etta Payne will, and her heirs and personal representatives shall, forever warrant and defend the above conveyed title to the said undivided one-half interest in and to the said lands and premises to him, the said P. L. Payne, his heirs and assigns, against the lawful claims of any and all persons whomsoever." Both these paper-writings show compliance with C. S., 997, 2515 and 3324.

In 1925, P. L. Payne secured a divorce absolute from plaintiff and thereafter plaintiff married in 1926 one J. Smith Potts. After the divorce P. L. Payne married Lela Payne, on 4 February, 1925, and died on 2 April, 1928, leaving his widow, Lela Payne, and the other defendants his heirs at law.

On 21 February, 1927, P. L. Payne and his then wife Lela Payne, encumbered the property in controversy for $1,500 and made a deed in

trust to W. C. Idol, trustee for Wachovia Bank and Trust Company, and the deed of trust was duly recorded.

Defendants in their answer, say: "That the defendants are the owners in fee of said lands; that they and their predecessor in title, P. L. Payne, have been in possession of said real property under known and visible lines and boundaries and under colorable title for more than 7 years, and that the plaintiff has failed to bring her action within the said period of 7 years, and the defendants plead the said 7 years statute of limitation, to wit, C. S., 428, as a perpetual bar against the petitioner."

The defendants introduced evidence to support the allegation that P. L. Payne immediately upon the deed being made to him by plaintiff went into the possession of the land in controversy and he and the defendants who claim under him have held same as set forth in their answer. This action was instituted on 25 July, 1929.

The charge of the court below was as follows: "Gentlemen of the jury: The issue that is submitted to you reads as follows: Is the plaintiff, Etta B. Payne Potts, the owner and entitled to the possession of an undivided one-half interest in the lands described in the complaint? The court charges you if you find the facts to be as shown by all the evidence, both oral and documentary, you will answer that issue Yes."

The judgment of the court below was as follows: "This cause coming on for trial at the August Term, 1930, of the Superior Court of Guilford County, before his Honor, Judge Michael Schenck, and a jury, and was tried upon the following issue, to wit: Is the plaintiff, Etta B. Payne Potts, the owner of and entitled to the possession of an undivided one-half interest in the land described in the complaint? And the jury answered the issue Yes. It is now, on motion of plaintiff's counsel, ordered, adjudged and decreed by the court that the plaintiff, Etta B. Payne Potts, is the owner of and entitled to the immediate possession of an undivided one-half interest in and to the following lands, being same described in the complaint (description set forth in the judgment). . . . And that the defendant, James Payne, G. W. Payne, W. D. Payne and Annie Payne, heirs at law of P. L. Payne, deceased, are the owners of the other undivided half, subject, however, to the dower rights of the defendant, Lela Payne, the present widow of the deceased, P. L. Payne, and that the plaintiff has a right to have partition of said lands by sale thereof as it is admitted in the answer that the same cannot be divided in kind without damage to the owner. It is further ordered, adjudged and decreed that the defendants have and recover of the plaintiffs the full sum of $7,500 which she offered to restore, as set out in paragraph 4 of her reply, and that said $7,500 shall be a lien upon her

one-half undivided interest in the property above described, this to be operative as a judgment *in rem* against said one-half interest and not a *personam* against the plaintiff."

*King, Sapp & King and D. H. Parsons for plaintiff.*
*T. W. Albertson, Frazier & Frazier and Gold, York & McAnally for defendants.*

CLARKSON, J. Both plaintiff and defendants appealed and assigned errors to the judgment rendered by the court below (1) defendants appealed from the charge of the court below, and (2) plaintiff appealed from the judgment in the court below adjudging: "It is further. ordered, adjudged and decreed that the defendants have and recover of the plaintiff the full sum of $7,500 which she offered to restore, as set out in paragraph 4 of her reply, and that said $7,500 shall be a lien upon her one-half undivided interest in the property above described." The charge of the court below held, in effect, (1) that the deed of separation and deed from plaintiff to her husband, P. L. Payne, for the land in controversy, held by the entirety by the husband and wife was void; (2) it was not color of title and after the decree for divorce absolute in 1925 the husband and wife held the land as tenants in common, and the plaintiff was entitled to one-half of the land in controversy, and the consideration paid by the husband to the wife was a charge on her half interest.

In *McKinnon v. Caulk,* 167 N. C., 411, it is held that a decree of absolute divorce destroys the unity of husband and wife, and therefore converts an estate by the entirety into a tenancy in common.

In *Freeman v. Belfer,* 173 N. C., 581, it is held by a majority decision that a divorce *a mensa et thoro* does not sever the marital relationship of husband and wife so as to make them tenants in common of lands held by them in entirety, or to effect a change in the doctrine of title by survivorship between them.

In the *Freeman case, supra, Clark, C. J.,* and *Brown, J.,* dissent, *Brown, J.,* at p. 590, says: "I think it best to settle the matter by holding that when husband and wife are separated by decree *a mensa* they at once become tenants in common of property held in entirety."

In the case of *Kornegay v. Price,* 178 N. C., p. 441, is the following: "It seems to be well settled that, owing to the unity of husband and wife, adverse possession cannot exist between them so long as the coverture continues. But where the marital relations have been terminated by divorce or abandonment, it seems that one may acquire title from the other by adverse possession. 1 A. & E., p. 820, sec. 11."

It is well settled that if the husband abandons his wife she can convey her real estate without joinder of her husband. *Keys v. Tuten,* 199 N. C., 368. This Court has consistently held that a deed from a wife to her husband that does not comply with C. S., 2515 is void.

In *Capps v. Massey,* 199 N. C., at p. 198, citing numerous authorities, we find: "C. S., 2515, requiring the probate officer, as a condition precedent to the validity of the conveyance to certify in his certificate of probate that, at the time of its execution and the wife's privy examination, such contract was 'not unreasonable or injurious to her.' This having been omitted, in the instant case, the deed in question is void as to the plaintiff. . . . In *Whitten v. Peace, supra* (188 N. C.), at p. 302-3, we find 'This Court has held, in *Norwood v. Totten,* 166 N. C., 649, that a deed executed by a wife conveying land to her husband, void for failure of the probate officer to comply with C. S., 2515, is, nevertheless, color of title, and that adverse possession by the husband under such a deed for seven years will ripen into a perfect title."

We do not think it necessary to decide (1) whether the deed of separation between plaintiff and her former husband P. L. Payne, which conveyed for a consideration to P. L. Payne and his heirs and assigns, the property in controversy held by the entirety; (2) or the deed from plaintiff to P. L. Payne and his heirs and assigns conveying the said land, are valid. Both of said instruments, in reference to the execution by plaintiff, complied with statutes heretofore cited and were executed and delivered on 21 March, 1922, the deed of separation first and thereafter the deed which referred to the deed of separation. Conceding, but not deciding, that these instruments were void, yet, by analogy to the cases above quoted, they were at least color of title.

Defendant pleads C. S., 428, as follows: "When a person or those under whom he claims is and has been in possession of any real property, under known and visible lines and boundaries and under colorable title, for seven years, no entry shall be made or action sustained against such possessor by a person having any right or title to the same, except during the seven years next after his right or title has descended or accrued, who in default of suing within that time shall be excluded from any claim thereafter made; and such possession, so held, is a perpetual bar against all persons not under disability."

C. S., 408: "In any action in which the defense of adverse possession is relied upon, the time computed as constituting such adverse possession shall not include any possession had against a *feme covert* during coverture prior to February thirteenth, one thousand eight hundred and ninety-nine." *Carter v. Reaves,* 167 N. C., 131; *Thomas v. Conyers,* 198 N. C., 229.

We think the evidence of adverse possession for seven years under color of title should have been submitted to the jury. From the position here taken, we do not think it necessary to pass on plaintiff's appeal.

For the reasons given, there must be a

New trial.