## C. G. GRADY ET AL. v. JAMES D. PARKER ET AL.

(Filed 23 March, 1949.)

**1. Judgments § 39: Guardian and Ward § 14—**

A successor guardian obtained judgment against the prior guardian and the surety on his bond, and at a later date recovered another judgment in a smaller amount against the prior guardian and his wife on a note signed by both and secured by deed of trust. *Held:* In a later action to renew the judgments, the holding of the trial court that plaintiff was not entitled to renew the second judgment because it and the first judgment represented one and the same indebtedness, must be held for error, since the effect is to release and relieve the *feme* defendant from any liability and the guardian is entitled and is under duty to hold to all security.

**2. Reference § 4—**

Where in an action to redeem land sold under foreclosure under order of court and for an accounting, defendants plead estoppel, laches and title by adverse possession for seven years under color, G.S. 1-38, it is error for the court to resolve the pleas in bar against defendant and order a compulsory reference, since defendants are entitled to an adequate hearing on their pleas in bar before reference can properly be ordered, G.S. 1-189. A prior decision of the Supreme Court that the foreclosure was void because the trustee was not a party to the action, in which the pleas in bar were not before the Court, or in view, has no bearing upon this matter.

APPEALS by plaintiff-defendant, First-Citizens Bank & Trust Company, Guardian of Henry A. Hodges, and defendants, Riverside Brick & Tile Co., J. H. Strickland and wife, Mabel Strickland, from *Williams, J.*, at September-October Term, 1948, of JOHNSTON.

Civil actions to renew judgments, to redeem and for an accounting and to determine priority of liens.

For convenience the numbers of the cases as they appear on the civil issue docket in the Superior Court will be retained here.

1. In C. I. D. No. 4019, C. G. Grady, guardian of Henry A. Hodges, incompetent, obtained judgment against James D. Parker at the September Term, 1935, Johnston Superior Court, and surety on his guardianship bond, for $8,023.81, with interest and costs. (This judgment was under consideration on appeal from motion to recall execution at the April Term, 1945, reported in 225 N.C. 480, 35 S.E. 2d 489.)

2. In C. I. D. No. 4237, C. G. Grady, guardian of Henry A. Hodges, incompetent, obtained judgment against James D. Parker and wife, Agnes A. Parker, at September Term, 1936, Johnston Superior Court, for $4,000 with interest and costs, and order of foreclosure of mortgage or deed of trust given to secure note signed by both defendants. (The foreclosure deed given pursuant to judgment in this case was held defective or void for failure to make the trustee a party on motion and de-

murrer filed at the April Term, 1947, reported in 228 N.C. 54, 44 S.E. 2d 449.)

3. In C. I. D. No. 5496, First-Citizens Bank & Trust Company, successor guardian of Henry A. Hodges, incompetent, brings suit to renew the judgment obtained against James D. Parker in C. I. D. No. 4019 for $8,023.81, with interest and costs, less certain credits.

4. In C. I. D. No. 5584, First-Citizens Bank & Trust Company, successor guardian of Henry A. Hodges, incompetent, brings suit to renew the judgment obtained against James D. Parker and wife, Agnes A. Parker, in C. I. D. No. 4237 for $4,000 with interest and costs, less certain credits.

5. In C. I. D. No. 5620, James D. Parker and wife, Agnes A. Parker, bring suit against First-Citizens Bank & Trust Company, Guardian, H. V. Rose, Trustee, and Riverside Brick & Tile Company, J. H. Strickland and wife, Mabel Strickland (purchasers and holders of deed for "37.5-acre tract" auctioned under foreclosure in C. I. D. No. 4237) to redeem and for an accounting. In the answers filed by the defendants they plead title by adverse possession, laches, estoppel *in pais* and by judgment, and the several statutes of limitations, all in bar of the plaintiffs' right to recover. (It is difficult to determine from the record, if, indeed, so discernible, as to how this case came, or was brought, into the hearing.)

There was also a question of priority of liens occasioned by the petition of Phyllis A. Parker and Daniel L. Parker, assignees of judgment in the case of "W. R. Denning v. J. D. Parker and others," C. I. D. 4064, execution on which was in the hands of the sheriff when the J. D. Parker lands were sold under execution in the case of C. I. D. No. 4237. Not knowing which execution was entitled to priority, the sheriff paid the money into the Clerk's office.

Upon the suggestion of the death of James D. Parker which occurred 10 February, 1948, his personal representative, Agnes A. Parker, executrix, was made a party to the above actions and she duly came in and adopted the respective pleadings filed by her testator in each of the cases.

The court found as a fact that the judgments in C. I. D. No. 4019, and C. I. D. No. 4237, "represented one and the same indebtedness"; and (1) allowed the judgment in the former to be renewed, deducting the admitted credits, and "subject to a further credit and payment to be made thereon as determined in the final judgment in or determination of the action for redemption and accounting" (C. I. D. No. 5620), and (2) held that the judgment in C. I. D. No. 4237 was not entitled to be renewed. Exception.

The pleas in bar were thereupon "overruled" or resolved against the defendants in C. I. D. No. 5620, compulsory reference ordered in the case, and the cause was retained for final judgment. Exception.

From these rulings, the First-Citizens Bank & Trust Company, Guardian, plaintiff in the 3rd and 4th cases and defendant in the 5th, and Riverside Brick & Tile Company, J. H. Strickland and wife, Mabel Strickland, defendants in C. I. D. No. 5620, appeal, assigning errors.

*Lyon & Lyon for First-Citizens Bank & Trust Co., guardian, plaintiff-defendant, appellant.*

*Parker & Parker and Jane A. Parker for Agnes A. Parker, Executrix, Agnes A. Parker, plaintiff-defendant, and Daniel L. Parker and Phyllis A. Parker, petitioners, appellees.*

*Parker & Parker and Jane A. Parker for Agnes A. Parker, Executrix, and Agnes A. Parker in C. I. D. No. 5620, plaintiff, appellee.*

*Levinson, Pool & Batton for Riverside Brick & Tile Co., J. H. Strickland and Mabel Strickland in C. I. D. No. 5620, defendants, appellants.*

STACY, C. J. The appeal presents a number of rulings which the appellants say were improvidently entered in the court below. Only two need be determined here, albeit all have engaged our attention.

1. The refusal to allow the judgment in C. I. D. No. 4237 to be renewed because it represents a part of the same indebtedness covered by the larger judgment in C. I. D. No. 4019, is to release and relieve the *feme* defendant from any and all liability incurred by her when she joined with her husband in the execution of the note and mortgage upon which the subject judgment was founded. This won't do. The guardian is entitled to, and, indeed, required to hold to its security. Whether the payment of the subject judgment would inure to the benefit of the judgment debtor in C. I. D. No. 5496, or could be claimed as a credit on the judgment therein, is another matter, not presently presented.

2. There was also error in overruling or resolving the pleas in bar against the defendants in C. I. D. No. 5620 and referring the case in the present state of the record.

This last action is to redeem and for an accounting. The defendants plead, among other things, estoppel, laches and title by adverse possession for seven years under color. G.S. 1-38; *Hughes v. Oliver,* 228 N.C. 680, 47 S.E. 2d 6; *Layden v. Layden,* 228 N.C. 5, 44 S.E. 2d 340; *Lofton v. Barber,* 226 N.C. 481, 39 S.E. 2d 263; *Perry v. Bassenger,* 219 N.C. 838, 15 S.E. 2d 365; *Glass v. Shoe Co.,* 212 N.C. 70, 192 S.E. 899; *Potts v. Payne,* 200 N.C. 246, 156 S.E. 499; *Alsworth v. Cedar Works,* 172 N.C. 17, 89 S.E. 1008; *Bond v. Beverly,* 152 N.C. 56, 67 S.E. 55; *McFarland v. Cornwell,* 151 N.C. 428, 66 S.E. 454; *Ingram v. Colson,* 14 N.C. 520; *Tate v. Southard,* 10 N.C. 119. They are entitled to an adequate hearing on their pleas in bar before a reference can properly be ordered in the case. G.S. 1-189; *Graves v. Pritchett,* 207 N.C. 518, 177 S.E. 641;

*Garland v. Arrowood*, 172 N.C. 591, 90 S.E. 766; *Jones v. Wooten*, 137 N.C. 421, 49 S.E. 915. Where matters in bar of the right of action are well pleaded, the plea must be tried and determined before any reference to the master. *Douglas v. Caldwell*, 64 N.C. 372; *Dozier v. Sprouse*, 54 N.C. 152. If the plaintiffs are not entitled to recover at all, it is useless to ascertain what amount they might recover if they had an enforceable cause of action. *Bank v. Fidelity Co.*, 126 N.C. 320, 35 S.E. 588; *Grimes v. Beaufort County*, 218 N.C. 164, 10 S.E. 2d 640; *Reynolds v. Morton,* 205 N.C. 491, 171 S.E. 781.

Nothing was said in *Grady v. Parker*, 228 N.C. 54, 44 S.E. 2d 449, which could have any bearing upon the present pleas in bar. They were not then before the Court, or in view.

There are other exceptions worthy of consideration, especially those addressed to the rulings on the pleas of estoppel, but as they may not arise on another hearing in the form now presented, we omit any present determinations thereof or conclusions thereon. Nor do we reach the question of priorities, as these may be upset or disarranged on the further hearing.

The judgment will be vacated and the causes remanded for further proceedings as to justice appertains and the rights of the parties may require.

Error and remanded.