FIRST-CITIZENS BANK & TRUST CO., Successor Guardian of the Estate of HENRY A. HODGES, Incompetent, v. JAMES D. PARKER.

C. I. D. #5496.

FIRST-CITIZENS BANK & TRUST CO., Successor Guardian of the Estate of HENRY A. HODGES, Incompetent, v. J. D. PARKER and Wife, AGNES A. PARKER.

C. I. D. #5584.

JAMES D. PARKER and Wife, AGNES A. PARKER, v. FIRST-CITIZENS BANK & TRUST CO., Guardian ; H. V. ROSE, Trustee ; J. H. STRICK-LAND, et als.

C. I. D. #5620.

(Filed 26 March, 1952.)

**1. Judgments § 39: Guardian and Ward § 14—**

A successor guardian may maintain suits to renew judgment against the former guardian and to renew judgment on a note secured by deed of trust executed by the former guardian and his wife to secure money borrowed from the ward's estate, included in the recovery under the first judgment, care being given in entering credits on the judgments and in the charging of interest so that no injury results to either party.

**2. Adverse Possession § 9a—**

A commissioner's deed to the purchaser pursuant to decree of foreclosure of a deed of trust is color of title notwithstanding later adjudication that the foreclosure decree was defective because the trustee had not been made a party to the suit, and where the grantee in the commissioner's deed enters thereunder upon the land in good faith and holds same openly, adversely and continuously for more than seven years, title vests in him by adverse possession.　G.S. 1-38.

**3. Same—**

A paper writing which on its face professes to pass title to land but fails to do so because of want of title in the grantor or defect in the mode of conveyance, is color of title, and possession thereunder for seven years will ripen title in the grantee provided grantee's entry thereunder is made in good faith and he holds same openly, notoriously and adversely for the required period.

**4. Adverse Possession § 18—**

Upon claim of title by adverse possession it is competent for claimant to introduce evidence tending to show that he had used the land for the only purpose of which it was susceptible, and also tax abstracts showing that he had listed and paid taxes on the land.

**5. Same—**

Upon claim of adverse possession under color of a commissioner's deed, claimant may introduce opinion evidence as to the value of land at the time of sale for the purpose of showing that his entry under the deed was in good faith.

**6. Equity § 3—**

   Where the action is barred by the applicable statute of limitations, the question of laches does not arise.

**7. Appeal and Error § 39a—**

   A new trial will not be awarded for error which is not prejudicial to some substantive right of appellant.

APPEAL by Mrs. Agnes A. Parker, Executrix of James D. Parker, and Mrs. Agnes A. Parker, from *Godwin, Special Judge,* November Term, 1951, of JOHNSTON. Affirmed.

The three above captioned suits were consolidated for trial. These cases will be referred to by the numbers originally given them on the civil issue docket of Johnston Superior Court.

Nos. 5496 and 5584 were instituted by the First-Citizens Bank & Trust Company, Guardian, to renew judgments heretofore rendered against James D. Parker and Agnes A. Parker.

No. 5620 was instituted by James D. Parker and wife Agnes A. Parker to redeem land which previously had been conveyed by them in a deed of trust to secure a debt. It was alleged that the land is now in the possession of defendant Brick & Tile Company under an attempted foreclosure of the deed of trust by First-Citizens Bank & Trust Company, Guardian, and that the deed therefor to defendant Brick Company's predecessor in title was void.

It was agreed that jury trial be waived, and that the presiding judge should find the facts and render judgment thereon. Pursuant to this agreement, after hearing the evidence, the judge noted his findings in the form of answers to issues wherein and whereby he found these material facts:

That in No. 5496 the defendant Agnes A. Parker, Executrix of James D. Parker, was indebted to the plaintiff guardian in the sum of $8,023.81, with interest, subject to the credits detailed; that in No. 5584 the defendants were indebted to plaintiff guardian in the sum of $4,000, with interest, less credits detailed, including proceeds of sale of lot known as office lot, in the year 1946, with the provision that "the amount paid in satisfaction of judgment No. 5584" should be credited on the judgment in 5496.

In No. 5620 it was found that Clifton Beasley and his successors in title, to and including defendant Brick & Tile Company, had occupied, used and possessed the 37.5-acre tract of land referred to, under known and visible lines and bounds, adversely and continuously, under color of title for more than seven years next preceding the institution of action No. 5620.

It was also found that defendant Parker was not estopped or barred by statutes of limitations or laches to set up the matters alleged in the

answers in No. 5496 and No. 5584; and that the cause of action alleged in No. 5620 and the defenses set up in No. 5496 and No. 5584 were not based on and did not grow out of the failure of James D. Parker, former guardian, to comply with the provisions of the Veterans Guardianship Act. It was also found in No. 5620 that plaintiffs therein were barred by laches.

Thereupon the court rendered judgment as follows:

C.I.D. No. 5620: "That the defendant Riverside Brick & Tile Company is the owner in fee of the 37.5-acre-tract of land described in the pleadings, free from the claims of plaintiffs, and that the defendants go hence without day and recover their costs against the plaintiffs and their sureties. The credits which plaintiffs are entitled to against the defendant Bank, Guardian, is hereinafter provided for as this judgment relates to C.I.D. No. 5584."

C.I.D. No. 5496: "It is further ordered, adjudged and decreed by the Court that the defendant James D. Parker and Mrs. Agnes A. Parker, Executrix upon the estate of James D. Parker, is justly indebted to the plaintiff in the principal sum of $8,023.81 with interest thereon from January, 1932, together with costs of this action to be taxed by the Clerk; less credits as follows: $204.43 on June 28, 1937; $238.49 on June 28, 1938; $256.10 on February 11, 1935; $41.45 on October 8, 1935, and a final credit of $4919.20 on February 28, 1951, and subject to further credits as appear in C.I.D. No. 5584, less interest on $4,000 from January 10, 1929, to January 1, 1932."

C.I.D. No. 5584: "It is further ordered, adjudged and decreed by the Court that the defendants James D. Parker and wife, Agnes A. Parker, and Mrs. Agnes A. Parker, Executrix upon the estate of James D. Parker, are justly indebted to the plaintiff in the principal sum of $4,000 with interest from January 10, 1929, together with the costs of this action, to be taxed by the Clerk, less credits as follows: $352.08 on January 4, 1937; $181.04 on February 1, 1939; $1,176.87 on March 1, 1942, (being derived from $1,610.92 for rent of office building less $434.05 expended by Bank, Guardian, for insurance, repairs and taxes— net $1,176.87, the average date of the rents and credits received and expended by the Bank, Guardian, being March 1, 1942) and a further net credit of $3,671.44 on March 26, 1946, (this being derived from the total amount realized from proceeds of sale of office building, to-wit, $5,000.00, less $1,001.74, for taxes paid to the Town of Smithfield and the County of Johnston and $145.78, paving assessments; and $181.04 heretofore credited on February 1, 1939) on this judgment."

From the judgment rendered Mrs. Agnes A. Parker, Executrix, and Mrs. Agnes A. Parker individually appealed.

*Lyon & Lyon for First-Citizens Bank & Trust Co., Guardian of Henry A. Hodges, appellee.*

*Levinson & Batton for J. H. Strickland and wife, Mabel Strickland, and Riverside Brick & Tile Company, appellees.*

*E. A. Parker and Jane A. Parker for appellants.*

DEVIN, C. J. The judgment in these cases which the appeal brings up for review is the culmination of a series of transactions, constant litigation and recurring appeals which have extended over a period of twenty years. The primary and persistent purpose of this litigation was the settlement of a guardianship fund which had gone into the hands of James D. Parker, former guardian. Certain legal phases of the controversy have heretofore been considered by this Court. *Trust Co. v. Parker,* 225 N.C. 480, 35 S.E. 2d 489; *Grady v. Parker,* 228 N.C. 54, 44 S.E. 2d 449; *Grady v. Parker,* 230 N.C. 166, 52 S.E. 2d 273; *Trust Co. v. Parker,* 232 N.C. 512, 61 S.E. 2d 441. Thus from the permanent pages of the North Carolina Supreme Court Reports appears in outline the story of these transactions which the present appeal brings up again as the background of appellants' exceptions to the rulings of the court below.

In chronological order the record may be restated as follows:

4 July, 1932, James D. Parker resigned as guardian of Henry A. Hodges, incompetent veteran of World War I, and in 1933 the succeeding guardian instituted suit to recover funds which had gone into the hands of Parker as guardian. In September, 1935, this suit resulted in judgment against Parker for $8,023.81, based on the verdict of the jury that he had mingled the funds of his ward's estate with his own and had not accounted for same.

As belonging to the estate of his ward James D. Parker turned over to the succeeding guardian a note and deed of trust executed by himself and wife, and payable to himself as guardian, in the sum of $4,000, conveying 37.5 acres of land and a lot called office lot in Smithfield. The succeeding guardian obtained judgment of foreclosure of this deed of trust in 1936, and sale of the 37.5 acres of land, under the judgment, by W. B. Wellons, Commissioner, for $600, to Clifton Beasley was confirmed 30 December, 1936. The money was paid, deed delivered and Beasley went into possession 1 January, 1937. The judgment was credited with net proceeds of the sale.

In 1945 the plaintiff Bank as successor guardian instituted suit to renew the $8,023.81 judgment with interest, subject to all credits. This suit bore civil issue docket No. 5496.

In 1946 the plaintiff Bank as successor guardian instituted suit to renew the $4,000 judgment, subject to credits. This suit bore civil issue docket No. 5584.

On 2 December, 1946, James D. Parker and wife instituted suit to redeem the 37.5-acre tract of land and for an accounting, alleging the sale of the land under judgment of foreclosure was void for the reason that H. V. Rose, the trustee in the deed of trust, had not been made a party. This suit bore civil issue docket No. 5620. Since the death of James D. Parker in 1948 this suit is being carried on by Mrs. Agnes A. Parker individually and as executrix of James D. Parker.

The appeal now brought to this Court, the fifth in the series, is being prosecuted by Mrs. Agnes A. Parker, Executrix of her late husband James D. Parker, and Mrs. Agnes A. Parker individually, defendants in Nos. 5496 and 5584, and plaintiffs in No. 5620.

At the November Term, 1951, of Johnston Superior Court, by consent of all parties, these three cases were consolidated and jury trial waived. It was agreed that the judge presiding at that term should find the facts, answer the issues raised, and render judgment thereon. From the evidence offered the judge set out his findings of fact specifically in the form of answer to issues submitted and rendered judgment disposing of the matters involved in the three cases.

Though the record is unnecessarily voluminous (482 pages), and the assignments of error unduly multiplied, the two principal questions presented involve: (1) the right of the successor guardian to maintain suits to renew former unsatisfied judgments, and (2) the right of appellants to redeem the tract of land sold under foreclosure and for an accounting. To the rulings of the trial judge on the evidence relating to these issues and to his conclusions thereon the zeal of counsel has prompted numerous exceptions.

1. The right of plaintiff Bank, successor guardian, to maintain Suits No. 5496 and No. 5584 to renew the judgments rendered against the former guardian and his executrix finds support in the statute, G.S. 1-47 (1), *Rodman v. Stillman,* 220 N.C. 361 (365), 17 S.E. 2d 336, and is sustained in this instance by the decision of this Court in *Grady v. Parker,* 230 N.C. 166, 52 S.E. 2d 273. All the credits on these judgments warranted by the evidence and found by the court are set out in the judgment appealed from. According to the evidence the notes and choses in action belonging to James D. Parker which were turned over by him to the succeeding guardian to be collected and credited on the original judgment, proved practically worthless, and the court found that credit was given for the small amount collected therefrom. Neither James D. Parker nor his executrix offered objection to the subsequent sale of the office lot conveyed in the deed of trust and joined in quitclaim deed to the purchaser. Credit was duly given on the judgment for the amount of such sale together with rents received less taxes and repairs. It is noted that the amount of the $4,000 deed of trust and the consequent judgment thereon was embraced in the $8,023.81 judgment,

and this fact was duly considered by the judge and entered into the judgment. See *Grady v. Parker*, 230 N.C. 166, *supra.*

It was found, and the evidence supports the finding, that the executrix of James D. Parker was entitled to certain credits on the $8,023.81 judgment, No. 5496, as of the dates set out, derived from collections from other securities turned over by Parker, $256.10 and $41.45, from the surety on Parker's bond $442.92, and from execution sale of other land $4,919.20 (*Trust Co. v. Parker*, 232 N.C. 512, 61 S.E. 2d 441, *supra*), in total sum of $5,659.67.

And the amounts credited on the $4,000 judgment No. 5584 totaled $5,381.43, being the net amount received from sale of 37.5 acres of land, and from rents and sale of the office lot. These credits on the collateral debt of James D. Parker and Mrs. Agnes A. Parker evidenced by the note and deed of trust were adjudged to be credits on the judgment in No. 5496.

Since the principal debt owed by James D. Parker was that represented by the judgment referred to in No. 5496 in the sum of $8,023.81 with interest from 1 January, 1932, and the judgment of $4,000 in No. 5584 on the note and deed of trust of James D. Parker and Agnes A. Parker was embraced in the larger judgment, in determining the balance now due duplication in the charges of interest, which would otherwise result from adding interest on the $4,000 judgment, was avoided by the provision below that the amount paid in satisfaction of that judgment No. 5584 should be credited on the principal judgment in No. 5496. That is, whatever interest is charged on judgment No. 5584 will be credited on the judgment No. 5496, so that no injury will arise to either the executrix of James D. Parker or Mrs. Agnes A. Parker.

Appellants' exceptions to the rulings of the trial judge relating to the suits No. 5584 and 5496 to renew the original judgments have been examined and found to be without substantial merit.

2. It was decided by this Court in 1947, *Grady v. Parker,* 228 N.C. 54, 44 S.E. 2d 449, that the foreclosure suit, under which the 37.5 acre-tract of land was sold, improperly undertook to pass the title to the land for the reason that the trustee in the deed of trust, in whom was the legal title, had not been made a party to the suit. The evidence disclosed, however, that the sale was confirmed December, 1936, and deed delivered, and the grantee entered into possession 1 January, 1937. James D. Parker and wife Agnes A. Parker did not enter suit to redeem until 2 December, 1946. It also appeared from the evidence, and the trial court so found, that the grantee in the Commissioner's deed which described the land by metes and bounds, under and pursuant to that deed, entered into possession of the land in good faith as owner, and he and his successors in title have continued in possession openly, adversely, continuously, putting the land to the only use of which it was susceptible

in its then state (*Locklear v. Savage*, 159 N.C. 236, 74 S.E. 347). There was evidence tending to show that the grantee paid full value for the land; that he and his successors in title listed and paid taxes thereon each year since; that the land lay along the banks of Neuse River, was subject to inundation, and was only valuable for the clay which the possessors used in making brick; that the land was situated near the town of Smithfield where James D. Parker and his wife and the trustee resided; that no objection to the occupancy and use of the land was raised, and no claim was made until suit filed nine years and eleven months after the grantee in the deed had entered into possession. During this period James D. Parker neither listed nor paid taxes on this land.

The appellants, however, urge the view that since the trustee in the deed of trust was not a party to the foreclosure suit and the court held the sale for that reason void and insufficient to pass title, the deed of the Commissioner appointed by the court had only the effect of an equitable assignment of the mortgagee's interest and gave to the possessor only the status of a mortgagee in possession which would not bar an action to redeem in less than ten years. *Eubanks v. Beckton*, 158 N.C. 230, 73 S.E. 1009.

The trial judge, however, was of opinion, and so held, that the deed of W. B. Wellons, Commissioner, constituted color of title, and found that the grantee entered thereunder, and that he and those who succeeded to his title have been in open, adverse and continuous possession of the land for more than seven years, thus vesting a good title. This ruling, we think, is supported by the evidence and is in accord with the decisions of this Court.

Color of title may be defined as a paper writing which on its face professes to pass the title to land but fails to do so because of want of title in the grantor or by reason of the defective mode of conveyance used. *Tate v. Southard*, 10 N.C. 119; *Glass v. Shoe Co.*, 212 N.C. 70, 192 S.E. 899; 1 A.J. 898. If the instrument on its face purports to convey land by definite lines and boundaries and the grantee enters into possession claiming under it and holds adversely for seven years, it is sufficient to vest title to the land in the grantee. G.S. 1-38. No exclusive importance is to be attached to the ground of the invalidity of the colorable title if entry thereunder has been made in good faith and possession held adversely. Though the grantor may have been incompetent to convey the true title or the form of conveyance be defective, it will constitute color of title which will draw to the possession of the grantee thereunder the protection of the statute. G.S. 1-38; *McCulloh v. Daniel*, 102 N.C. 529, 9 S.E. 413; *Seals v. Seals*, 165 N.C. 409, 81 S.E. 613; *Crocker v. Vann*, 192 N.C. 422, 135 S.E. 127; *Eason v. Spence*, 232 N.C. 579, 61 S.E. 2d 608; *Price v. Whisnant*, 232 N.C. 653, 62 S.E. 2d 56. Accordingly it has been held that a fraudulent deed may be color of

title and become a good title if the fraudulent grantee holds actual adverse possession for the statutory period against the owner who has right of action to recover possession and is under no disability. *Seals v. Seals, supra.* And where in a partition proceeding to sell land less than the whole number of tenants in common have been made parties, a deed made pursuant to an order of court to the purchaser is color of title and seven years adverse possession thereunder will bar those tenants in common who were not made parties. *Lumber Co. v. Cedar Works,* 165 N.C. 83, 80 S.E. 982. And in the language of *Justice Brown,* speaking for the Court in *Canter v. Chilton,* 175 N.C. 406, 95 S.E. 660 : "So an entry upon and taking possession of land under a judicial decree is good color and this is generally true, although the decree is irregular or even void."

The appellants noted numerous exceptions to the rulings of the trial judge on evidence offered relating to the use of clay from this land for making brick, and the worthlessness of the land for other purposes due to overflow, but we think this evidence competent. The exception to the introduction of tax abstracts showing listing by those in possession and the payment of taxes cannot be sustained in view of what was said by this Court in *McKay v. Bullard,* 219 N.C. 589, 14 S.E. 2d 657; *Graham v. Spaulding,* 226 N.C. 86, 36 S.E. 2d 727. Also exception was noted to opinion evidence as to the value of the land at time of sale, but this was admissible as tending to show the good faith of the purchaser. An examination of these exceptions and of all those noted to the introduction of evidence and brought forward in appellants' assignments of error fails to disclose prejudicial error which would warrant another hearing on these issues. *Collins v. Lamb,* 215 N.C. 719, 2 S.E. 2d 863; *Call v. Stroud,* 232 N.C. 478, 61 S.E. 2d 342.

In view of the holding that defendant Brick Company's title to the land had ripened by adverse possession under color, the ruling of the judge below on the question of laches on the part of James D. Parker and wife becomes immaterial. *Teachey v. Gurley,* 214 N.C. 288, 199 S.E. 83. The inadvertent inclusion of the name of James D. Parker as one against whom judgment was rendered is unimportant.

Without undertaking to discuss appellants' numerous exceptions *seriatim,* we conclude, after a careful examination of the record, the exceptions noted and brought forward in the assignments of error and the briefs, that no error in the rulings of the trial judge is made to appear which we deem prejudicial to the appellants or of substance sufficient to require another hearing. The findings of the judge appear to have been supported by the evidence, and his conclusions determinative of the litigation will not be disturbed.

It may not be out of place to note that during the argument in this Court counsel for the plaintiff Bank chided opposing counsel for bringing forward 472 exceptions, saying "No Superior Court Judge could

make 472 errors in one case." To this counsel for appellants replied, "No Superior Court Judge could rule on 472 objections without making an error."

The numerous suits instituted in connection with the estate of plaintiff's unfortunate ward Henry A. Hodges have been long drawn out, and have occupied the attention of the courts for many years. Collateral and incidental matters have been drawn into the stream of litigation, and have required consideration and decision by the courts. We indulge the hope that the judgment below in these cases, which we now affirm, will mark the end of all active disagreement between the parties as to the matters involved, and that the Court may write in conclusion, *resquiat in pace.*

Judgment affirmed.