STATE v. LINWOOD W. EURELL.

(Filed 10 December, 1941.)

**1. Bailment § 1—**

One who receives money for safe keeping is not an agent, consignee, clerk, employee or servant, but is a bailee if under the agreement of the parties he is to return the identical money received, and is a debtor if he is to use the money and return its equivalent on demand.

**2. Embezzlement § 1: Statutes § 8—**

The crime of embezzlement is purely statutory and the statute creating the offense must be strictly construed and only those classes of persons therein defined as coming within its purview can be guilty of the offense.

**3. Same—**

The fact that ch. 31, Public Laws 1941, amended C. S., 4268, by adding "bailee" to the classes of persons who might fall within the condemnation of the embezzlement statute constitutes a legislative declaration that theretofore a bailee was not included in the definition of classes of persons defined by the statute.

**4. Same—**

A "bailee" or "debtor" may not be prosecuted for embezzlement under C. S., 4268, prior to the amendment of 1941, since neither a "bailee" nor "debtor" is included in the classes of persons defined by the statute prior to the amendment.

APPEAL by defendant from *Olive, J.,* at June Term, 1941, of ROBESON. Reversed.

Criminal prosecution on bill of indictment charging ·the crime of embezzlement.

The defendant operates a cafe and small grocery. The prosecuting witness was his customer. In 1936 she left with the defendant about $37.00, which she later consumed in trade. Thereafter, over a period of several years, she left with him small amounts to keep for her. The total amount thus deposited with the defendant amounted to $203.00. In November, 1940, at her request, the defendant executed and delivered to her a paper writing as follows:

"November 11, 1940, received of Lessie Carr, money to keep, $203.00.

Signed    L. W. EURELL."

Thereafter, she demanded of him the return of the money due. Upon her demand for the money due he failed to pay the same, claiming, according to her testimony, that he had invested it in a truck. Thereupon this prosecution was instituted, it being charged in the bill of in-

dictment that the defendant was "the agent, consignee, clerk, employee and servant of Lessie Carr" and as such had embezzled the money thus entrusted to him. The cause was tried upon the theory that the contract the evidence for the State tended to establish constituted the defendant an agent.

The jury returned a verdict of "guilty as charged." From judgment thereon the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*David M. Britt and McKinnon & Seawell for defendant, appellant.*

BARNHILL, J. One who receives money for safekeeping is not an agent, consignee, clerk, employee or servant. He is a bailee if under the agreement of the parties he is to return the identical money received, and debtor if he is to use the money and return its equivalent on demand. Neither "bailee" nor "debtor" was included in our embezzlement statute, C. S., 4268, prior to 1941.

An interesting and comprehensive history of the embezzlement statute is contained in the opinion of *Stacy, C. J.,* in *S. v. Whitehurst,* 212 N. C., 300, 193 S. E., 657. Its meaning and its applicability only to the classes of persons therein named is fully discussed. It is there said "the embezzlement statute begins by defining the classes of persons who may fall within its condemnation, or who may commit the statutory crime of embezzlement, and as it is a penal statute, creating a new offense, it cannot be extended by construction to persons not within the classes designated. 2 Bishop, Crim. Law., sec. 331. In other words, if the statute be so worded as not to include the defendant, his office, or his status, an indictment thereunder will not lie against him." *S. v. Keith,* 126 N. C., 1114; *Calkins v. S.,* 18 Ohio S., 366; 98 Am. Decision, 121. Further discussion is unnecessary.

That the General Assembly, by ch. 31, Public Laws 1941, added "bailee" to the classes of persons embraced in the statute constitutes a legislative declaration that it was not intended that "agent, consignee, servant or employee" should include a bailee.

The motion for judgment as of nonsuit should have been allowed.

Reversed.