### STATE v. C. C. BLAIR.

(Filed 11 December, 1946.)

**Embezzlement § 1—**

> The offense of embezzlement is exclusively statutory, and the statute does not embrace a vendor in an executory contract of purchase and sale.

APPEAL by defendant from *Hamilton, Special Judge,* at March Term, 1946, of GUILFORD.  Reversed.

Criminal prosecution under bill of indictment charging that defendant, being "the agent, consignee, clerk, employee and servant" of C. A. Nash and P. W. Hendrix, did feloniously embezzle $400 entrusted to him by said Nash and Hendrix.

The money delivered to the defendant was received and accepted as earnest money.

There was a verdict of guilty.  The court pronounced judgment on the verdict and defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Z. H. Howerton for defendant, appellant.*

PER CURIAM.  The embezzlement statute creates an offense unknown at common law.  It applies only to the classes of persons therein named.

*S. v. Whitehurst,* 212 N. C., 300, 193 S. E., 657; *S. v. Eurell,* 220 N. C., 519, 17 S. E. (2d), 669. It does not embrace a vendor in an executory contract of purchase and sale. Hence the court below erred in denying the defendant's motion to dismiss as in case of nonsuit.

The defendant did not appeal from the judgment pronounced in the case (4430) consolidated and tried with this indictment. Hence, said judgment is not affected by this opinion.

The judgment below (4477) is

