FIRST-CITIZENS BANK & TRUST COMPANY, SUCCESSOR TO C. G. GRADY,. GUARDIAN OF HENRY A. HODGES, INCOMPETENT, v. JAMES D. PARKER, THE DETROIT FIDELITY & SURETY CO., AND LLOYD'S INSURANCE CO. OF AMERICA.

FIRST-CITIZENS BANK & TRUST COMPANY, SUCCESSOR TO C. G. GRADY, GUARDIAN OF HENRY A. HODGES, INCOMPETENT, v. JAMES D. PARKER AND WIFE, AGNES A. PARKER, ET ALS.

(Filed 18 October, 1950.)

**1. Judgments § 23—**

The period during which the judgment debtor is in the bankrupt court and his property in *custodia legis* should be deducted from the ten year period as provided in G.S. 1-234.

**2. Bankruptcy § 10—**

A discharge in bankruptcy, while not constituting payment, bars all civil remedies for the collection of a dischargeable debt as a personal obligation of the debtor.

**3. Same—**

The character of a debt as one dischargeable in bankruptcy is not affected by the fact that it may have been reduced to judgment, since the rendition of judgment does not change the character of the indebtedness.

**4. Same—**

A judgment *in personam* upon the debtor's liability upon an unsecured note, no fraud being alleged and no specific lien being created by the judgment, is a dischargeable debt, and the debtor's discharge in bankruptcy proceedings in which the judgment is listed as a provable debt, bars all civil remedies for the collection of the judgment as a personal obligation of the debtor.

**5. Execution § 23—**

A successor guardian is entitled to the entire proceeds of sale of the lands of the original guardian under a judgment of defalcation to the exclusion of those claiming under a judgment which, although rendered prior to the successor guardian's judgment, has been barred by the discharge of the judgment debtor in bankruptcy.

APPEAL by First-Citizens Bank & Trust Company, successor guardian of Henry A. Hodges, incompetent, from *Morris, J.,* February Term, 1950, of JOHNSTON. Reversed.

*Lyon & Lyon for First-Citizens Bank & Trust Company, Guardian, appellant.*

*E. A. Parker and Jane A. Parker for Petitioners (interveners), appellees.*

DEVIN, J. This is another appeal brought to this Court in the course of the litigation by successive guardians of Henry A. Hodges, incompetent, veteran of World War I, to recover the funds of this estate from a former guardian James D. Parker.

The progress of this litigation, originally instituted in 1935, appears from the decisions of this Court in *Trust Co. v. Parker,* 225 N.C. 480, 35 S.E. 2d 489, and *Grady v. Parker,* 230 N.C. 166, 52 S.E. 2d 273. The material facts involved are set out in the opinions in those cases.

In 1935 judgment was obtained by C. G. Grady, former guardian of Henry A. Hodges, against James D. Parker for $8,023.81. Subsequently in the proceedings instituted by First-Citizens Bank & Trust Company, successor guardian, to enforce this judgment, James D. Parker pleaded his discharge in bankruptcy as a bar. But it was determined in *Trust Co. v. Parker, supra,* decided at Fall Term 1945, that this judgment was not affected by the discharge in bankruptcy of James D. Parker in 1944, for the reason that the debt evidenced by the judgment was created by the defalcation of the bankrupt while acting in a fiduciary capacity. Thereafter execution was issued on this judgment 13 November, 1945, the homestead allotted and certain land in excess sold by the sheriff 31 May, 1946. At the sale the land was bid off for $5,250 by Phyllis A. Parker and her bid was assigned to Daniel L. Parker who paid the price to the sheriff who paid the fund into the hands of the clerk. Phyllis A. Parker and Daniel L. Parker then filed petition and interplea in this case, claiming the fund as assignees of a judgment in favor of W. R. Denning and against James D. Parker rendered in 1934. These claimants will hereinafter be referred to as interveners.

The record shows that the Denning judgment was rendered 2 January, 1934, in favor of W. R. Denning and against James D. Parker and others on a note on which it was alleged James D. Parker was personally liable as an endorser. This allegation was not denied. Thereafter James D. Parker filed petition in bankruptcy and was so adjudicated 18 July, 1941. Decree of discharge in bankruptcy was entered 1 June, 1944. The record further shows that on 21 January, 1946, execution on the Denning judgment was issued and placed in the hands of the sheriff. The petition of the interveners, filed 5 August, 1946, alleged the Denning judgment had been assigned to them 25 March, 1946, and that by virtue thereof they were entitled to have that judgment first satisfied out of the fund in the hands of the clerk derived from the sale of the land.

The First-Citizens Bank & Trust Company, successor guardian, answered denying the validity of the Denning judgment, or that it was now enforceable since the discharge in bankruptcy of James D. Parker, the judgment debtor, and pleading the ten-year statute of limitations.

Plaintiff guardian also demurred *ore tenus* to the interveners' right to maintain their claim on the ground alleged.

On the trial evidence was offered showing the facts herein outlined. The court instructed the jury if they found the facts to be as the evidence tended to show to answer the issues in favor of the interveners, to the effect that the judgment under which the interveners claimed was valid and enforceable, and not barred by the statute of limitations, and that interveners were entitled to prior claim on the fund.

Plaintiff, First-Citizens Bank & Trust Company, guardian, assigns error in the ruling of the court below principally on the ground that further legal proceedings to enforce the Denning judgment were barred by the discharge in bankruptcy of the debtor, and further that this judgment was barred by the statute of limitations. G.S. 1-234.

While it would seem that the period during which the judgment debtor was in the bankruptcy court and his property in *custodia legis* should be deducted from the ten-year period as provided in G.S. 1-234, and that the statute of limitations pleaded by plaintiff would not bar the interveners' claim, we think the position taken by the plaintiff guardian that the legal proceedings now undertaken to enforce the Denning judgment are barred by the discharge in bankruptcy of James D. Parker must be sustained. The bankrupt in 1941 scheduled the Denning judgment as a provable debt. A judgment such as we are here considering is a debt of record, an indebtedness which has been fixed and determined by a court. The original character of the debt is not lost by its reduction to judgment. *Simpson v. Simpson*, 80 N.C. 332; *Trust Co. v. Parker, supra; Pepper v. Litton*, 308 U.S. 295; *American Surety Co. v. McKiearnam*, 304 Mass. 322, 145 A.L.R. 1235. "The debt on which this judgment was rendered is the same debt that it was before." *Boynton v. Ball*, 121 U.S. 457. "The rendition of a judgment on an obligation does not change the character of the indebtedness." *Fidelity & C. Co. v. Golombosky*, 133 Conn. 317, 170 A.L.R. 361. In the recent case of *Gathany v. Bishopp*, 177 F. (2) 567, a suit to enjoin a judgment creditor from prosecuting his claim against the executor of a deceased bankrupt was dismissed, on the ground that "the right to plead the discharge in bankruptcy as a defense furnishes to the bankrupt an adequate remedy."

The Denning judgment in the case at bar was a judgment *in personam*, determining only the debtor's liability on an unsecured note. No fraud was alleged. It decreed no specific lien. The title to the land was not involved except in so far as the law gave the judgment creditor the right within the statutory period to enforce payment of the debt by levying on debtor's property. The discharge in bankruptcy received by James D. Parker in 1944 constituted a bar thereafter to the enforcement of payment of this debt by legal proceedings. True, it was not a satis-

faction of the judgment against the bankrupt, but it had the effect of barring civil remedies for the collection of the judgment as a personal obligation of the debtor. 6 A.J. 987. "The effect of a discharge upon a claim that is dischargeable is to afford a valid defense to the prosecution of the claim to judgment, or the satisfaction of the judgment if the claim has gone to judgment; the discharge is not a payment or extinguishment of the debt; it is simply a bar to all future legal proceedings for the enforcement of the discharged debt." 1 Collier on Bankruptcy 1654.

The pertinent facts were almost entirely matters of record and were not disputed. The peremptory instructions given by the court to the jury must be held for error, and the judgment

Reversed.