STATE v. NEILL McKAY ROSS.

(Filed 22 November, 1967.)

**1. Embezzlement § 1—**
    The crime of embezzlement is solely statutory.

**2. Statutes § 10—**
    Statutes creating criminal offenses must be strictly construed.

**3. Statutes § 5—**
    The doctrine of *ejusdem generis* that where general words follow a designation of particular subjects or things, the meaning of the general words will ordinarily be restricted by the particular designations so as to include only things of the same kind, character and nature as those spe-

cifically enumerated, is a rule of construction to be used only as an aid in ascertaining the legislative intent.

**4. Statutes § 5—**

Words of a statute having a clear and definite meaning cannot be ignored in its construction, since it must be presumed that the General Assembly used the words advisedly to express its intent.

**5. Embezzlement § 1—**

A commissioner who, under authority of and subject to orders of the clerk of the Superior Court, receives and handles money and disburses it to those entitled thereto under the law has substantially the same status as a court-appointed receiver, and as such is a fiduciary in the same sense that a receiver is a fiduciary, and therefore, under the doctrine of *ejusdem generis*, comes within the statutory definition of those who may be prosecuted for embezzlement of funds coming into their hands in trust.

APPEAL by the State of North Carolina from *Braswell, J.,* August 1967 Session of HARNETT.

At said August 1967 Session, the grand jury returned as a true bill an indictment in words and figures as follows:

"The Jurors for the State upon their oath present, That Neill McKay Ross, late of the County of Harnett, on the 5th day of March, in the year of our Lord one thousand nine hundred and sixty-seven, with force and arms, at and in the County aforesaid, was the Commissioner and Fiduciary of the Clerk of the Superior Court of Harnett County and as such Commissioner and Fiduciary as aforesaid, was then and there entrusted by the said Clerk of Superior Court of Harnett County, to receive in accordance with his commission Seven Thousand and Seven Hundred Twenty-two and 90/100 Dollars for the said Clerk of Superior Court of Harnett County and that being so employed, commissioned and entrusted as aforesaid, the said Neill McKay Ross then and there did receive and take into his possession and have under his trust and care, for and on account of the said Clerk of Superior Court of Harnett County, and Harnett County certain property, to wit: Seven Thousand Seven Hundred Twenty-two and 90/100 Dollars, and that afterwards, to wit, on the day and year aforesaid, in the county aforesaid, he, the said Neill McKay Ross (then and there being of the age of sixteen years and more), knowingly, willfully, fraudulently, corruptly, unlawfully and feloniously did embezzle and convert to his own use, and did take, make away with and secrete with intent to embezzle and fraudulently convert to his own use, the Seven Thousand Seven Hundred Twenty-two and 90/100 Dollars so received by him as aforesaid and then and there belonging to Harnett County against the form of the statute in such case made and provided and against the peace and dignity of the State."

STATE *v.* ROSS.

Defendant, before pleading thereto, moved, through his counsel, to quash said bill of indictment; and the court, being of the opinion the bill "does not allege a crime," allowed the motion, quashed the bill and dismissed the action.

The State excepted and appealed.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*

*Bryan & Bryan and D. K. Stewart for defendant appellee.*

BOBBITT, J. The crime of embezzlement, unknown to the common law, was created and is defined by statute. *State v. Thornton,* 251 N.C. 658, 111 S.E. 2d 901, and cases cited.

Statutes creating criminal offenses must be strictly construed. 4 Strong, N. C. Index, Statutes § 5, p. 179. This rule has been applied with vigor in the construction of our embezzlement statute. *State v. Whitehurst,* 212 N.C. 300, 193 S.E. 657; *State v. Eurell,* 220 N.C. 519, 17 S.E. 2d 669; *State v. Blair,* 227 N.C. 70, 40 S.E. 2d 460.

In *State v. Whitehurst, supra,* Stacy, C.J., set forth the history, including the successive amendments, of our embezzlement statute. The statute, then codified as C.S. 4268, was amended in 1939 so as to apply to "any receiver, or any other fiduciary" (Public Laws of 1939, Chapter 1), and in 1941 so as to apply to a "bailee" (Public Laws of 1941, Chapter 31). The words "unincorporated association or organization" were incorporated in G.S. 14-90 by Chapter 819, Session Laws of 1967.

The statute, now codified as G.S. 14-90, provides: "If any person exercising a public trust or holding a public office, or any guardian, administrator, executor, trustee, *or any receiver, or any other fiduciary,* or any officer or agent of a corporation, or any agent, consignee, clerk, *bailee* or servant, except persons under the age of sixteen years, of any person, shall embezzle or fraudulently or knowingly and willfully misapply or convert to his own use, or shall take, make away with or secrete, with intent to embezzle or fraudulently or knowingly and willfully misapply or convert to his own use any money, goods or other chattels, bank note, check or order for the payment of money issued by or drawn on any bank or other corporation, or any treasury warrant, treasury note, bond or obligation for the payment of money issued by the United States or by any state, or any other valuable security whatsoever belonging to any other person or corporation, *unincorporated association or organization* which shall have come into his possession or under his care, he shall be guilty of a felony, and shall be punished as in cases of larceny." (Our italics.)

In *State v. Ray*, 207 N.C. 642, 178 S.E. 224, the defendant, appointed commissioner in a special proceeding, sold lands and collected the purchase price. He was indicted, tried and convicted on a two-count bill, each count charging that he embezzled a portion ·of the purchase money, to wit, the sum of $2,955.00. The first count charged that defendant received the $2,955.00 "as commissioner of the Superior Court of Orange County, and as agent of the Superior Court of Orange County, and the aforesaid parties," and the second count charged that he received it "as agent and attorney of J. L. Phelps and others." The opinion states: "(T)he status of a commissioner appointed to sell land is not that of a trustee, generally speaking, nor of an agent, either of the court or of the parties to the suit. . . . The defendant could not be convicted on the second count as agent or attorney, but only on the first as commissioner. C.S. 4268. This distinction was not pointed out to the twelve. Indeed, the jury was left with the impression that both counts of the bill were valid, and that a conviction might be had on either or both." The opinion continues: "Whether the defendant had embezzled any part of the funds which came into his hands as commissioner, and not as agent or attorney, was the issue arising on the evidence. (Citations.) This, and this alone, was the question to be determined by the jury. (Citation.)" A new trial, limited to the first count, was awarded. The opinion and decision assume the first count charged the crime of embezzlement.

In *State v. Whitehurst, supra*, it was held that "a receiver of an insolvent corporation (was) not within the terms of the statute." While noting the rule of strict construction did not require that the statute "be stintingly or even narrowly construed," it was said the statute could not "be extended by construction to persons not within the classes designated." The opinion states: "A receiver is usually denominated an officer of the court — an 'arm' or 'hand' of the court — but he holds no public office. (Citations.) Nor is he engaged in exercising a public trust. (Citations.) He is not an agent within the meaning of the embezzlement statute. (Citation.) . . . Nor is he a trustee in the sense this term is used in the statute. The property he administers is said to be *in custodia legis*. . . . It may be noted, however, that the offense here charged apparently took place prior to the amendment of 1931, interpolating the word 'trustee,' and the term is not used in the indictment." The opinion states that *State v. Ray, supra*, "wherein a commissioner to sell land was charged with embezzlement, is not an authority in support of the present indictment. There the bill was not challenged by demurrer or motion to quash, and its sufficiency was not mooted. The case was made to

turn on the inadequacy of the court's charge to the jury." The opinion closes with this suggestive comment: "Whether the scope of the statute should again be enlarged so as to include receivers is a legislative rather than a judicial question."

*State v. Whitehurst, supra,* was decided November 3, 1937. The General Assembly of 1939, by its enactment of Chapter 1, Public Laws of 1939, amended C.S. 4268 by adding after the comma following the word "trustee" and before the words "or any officer," the following: "or any receiver, or any other fiduciary." The manifest purpose of the 1939 amendment was *to enlarge the scope* of the embezzlement statute. The words, "or any other fiduciary," show clearly the General Assembly did not intend to restrict the application of the 1939 amendment to receivers.

Defendant, in his brief, states: "A commissioner is not included by name, and therefore unless it *(sic)* is included as being 'or any other fiduciary,' it is not within the statute." Citing the rule of *ejusdem generis,* he contends that "commissioner is not in the same class as guardian, administrator, executor, trustee, or receiver, which are the words preceding 'or any other fiduciary.' "

"In the construction of statutes, the *ejusdem generis* rule is that where general words *follow* a designation of particular subjects or things, the meaning of the general words will ordinarily be presumed to be, and construed as, restricted by the particular designations and as including only things of the same kind, character and nature as those specifically enumerated. The rule does not necessarily require such limitation in scope of the general words or terms. It is but a rule of construction to aid in ascertaining and giving effect to the legislative intent where there is uncertainty." *State v. Fenner,* 263 N.C. 694, 697-698, 140 S.E. 2d 349, 352.

It is noteworthy that a guardian, an administrator and an executor are fiduciaries whose duties are prescribed by law and who act under the supervision and orders of the court. A "trustee' is a fiduciary. Whether the word "trustee" in the embezzlement statute refers only to a court-appointed trustee need not be determined. A receiver, as stated in *State v. Whitehurst, supra,* is an "arm" or "hand" of the court.

The words, "or any other fiduciary," were put into the embezzlement statute simultaneously with the words, "or any receiver," and cannot be ignored. It must be presumed the General Assembly used the words of the statute advisedly and thereby expressed its intent. 50 Am. Jur., Statutes § 227, p. 212.

One who, under authority of and subject to the orders of the clerk of the superior court, is commissioned to collect, receive and handle

money, and to disburse it to those entitled thereto under the law, has substantially the same status as a court-appointed receiver. Such commissioner is a fiduciary in the same sense a receiver is a fiduciary. See definitions of "fiduciary" in 36A C.J.S., pp. 381-389. Special confidence and trust is imposed in him. In our opinion, and we so hold, the status of such commissioner is "of the same kind, character and nature" as the status of a receiver. Hence, the rule of *ejusdem generis* does not conflict with but rather tends to support our conclusion that the embezzlement statute, subsequent to the 1939 amendment, includes such commissioner.

In *State v. Eurell, supra,* it was held that, prior to the amendment of 1941, the portion of C.S. 4268 referring to "any agent, consignee, clerk or servant," did not include a "bailee." The indictment charged defendant was "the agent, consignee, clerk, employee and servant of Lessie Carr" and as such had embezzled the money thus entrusted to him. It was stated that "(t)he cause was tried upon the theory that the contract the evidence for the State tended to establish constituted the defendant an agent." The words, "or any other fiduciary," do not appear in the portion of the statute pertinent to that case. Nor does the indictment contain any reference thereto.

Although it might well have set forth with greater particularity the facts concerning the proceedings in which defendant was appointed commissioner, we hold the indictment sufficient to withstand defendant's motion to quash. Hence, the judgment of the court below is reversed.

Reversed.