In the Matter of CLOWNEY, Linda Kay Stroud, Clowney, Reginald Wendell, Debtors.

Linda Kay Stroud CLOWNEY and Reginald Wendell Clowney, Plaintiffs,

v.

NORTH CAROLINA NATIONAL BANK, Defendant.

Linda Kay Stroud CLOWNEY and Reginald Wendell Clowney, Plaintiffs,

v.

WAKE FOREST UNIVERSITY EMPLOYEES' FEDERAL CREDIT UNION, Defendant.

Bankruptcy No. B–81–02039C–7.
Adv. Nos. A–81–0718, A–81–0719.

United States Bankruptcy Court,
M. D. North Carolina.

April 7, 1982.

**350**

Ellen W. Gerber, Legal Aid Soc. of Northwest North Carolina, Inc., Winston-Salem, N. C., for debtors/plaintiffs.

Julia Turner Cash, Robert Tally, Winston-Salem, N. C., for defendant North Carolina Nat. Bank.

## MEMORANDUM ORDER

JAMES B. WOLFE, Jr., Bankruptcy Judge:

These matters come before the Court upon the Complaints of the Debtors to avoid judicial liens pursuant to Section 522(f) of the Bankruptcy Code. 11 U.S.C. § 522(f) (1979). These matters came on for pre-trial hearing on January 26, 1982. At the hearing the matters were accepted as motions for summary judgment and memoranda of law were requested by the Court.

Each of these matters presents essentially identical facts and issues. Accordingly, this Court reviewed these matters together and now enters this joint Memorandum Order.

## I. FINDINGS OF FACT

On April 16, 1980, the Wake Forest University Employees' Federal Credit Union obtained a judgment in the Forsyth County, North Carolina, District Court against Reginald Clowney. This judgment totalled $500.00.

On May 5, 1981, the North Carolina National Bank obtained a judgment in the Forsyth County, North Carolina, District Court against Linda Clowney. This judgment totalled $343.86.

On September 11, 1981, the Plaintiffs filed a Chapter 7 joint petition for bankruptcy relief. The Plaintiffs properly listed both Defendants as judgment creditors in the schedule of unsecured creditors. The entire bankruptcy estate was comprised of personal property which was exempted from the estate by the Plaintiffs. Accordingly, there was no property available for distribution from the estate. The Plaintiffs were discharged from all dischargeable debts on December 16, 1981.

At no time from the entry of the first judgment to the date of the discharge, or for that matter to this date, have the Plaintiffs, as individuals or as tenants by the entirety, had any interest in any real property. As well, no levy on the Plaintiffs' personal property pursuant to a writ of execution to collect upon the Defendants' judgments was ever attempted.

Nevertheless, prior to the date of discharge, the Plaintiffs filed these actions against the Defendants to avoid judicial liens pursuant to Section 522(f) of the Bankruptcy Code.

Wake Forest University Employees' Federal Credit Union neither filed an Answer nor made an appearance in response to the Complaint. North Carolina National Bank answered contending that, with nothing else appearing, it knew of no exempted property impaired by its judgment. This Defendant further responded in its subsequent memorandum to the Court that compliance with the procedure set forth in N.C. Gen.Stat. § 1–245 (Cum.Supp.1981) would

extinguish, for all practical purposes, the Defendant's judgment.

The Plaintiffs, on the other hand, contend that they are uncertain whether discharge completely extinguishes the judgments, particularly in light of the effective ten year life of judgments afforded by N.C. Gen.Stat. § 1–234 (Cum.Supp.1981). Accordingly, the Plaintiffs initiated this lien avoidance action with the objective of quieting whatever liability might survive their discharge which might impair any exemptable interests in real property they might possess in the future.

## II. DISCUSSION AND CONCLUSIONS OF LAW

The Plaintiffs' concern regarding the possible effect that N.C.Gen.Stat. § 1–234 may have in continuing their liability under the judgments after their bankruptcy discharge is well taken. N.C.Gen.Stat. § 1–234 creates a lien on the real property owned by a judgment debtor at the time the judgment is entered and, as well, imposes a lien on real property the judgment debtor acquires within ten (10) years from the date of the entry of the judgment.

The Plaintiffs have owned no real property since the entry of the judgment. Therefore, no lien currently exists. However, the Plaintiffs fear that a lien may be imposed on real property which they might acquire within ten years after the entry of the judgment despite their bankruptcy discharge. If this liability were to survive their discharge, their "fresh start" would indeed be thwarted.

However, upon review of the applicable provisions of the Bankruptcy Code and North Carolina law, this Court finds their fear to be unfounded. The effect of the discharge awarded under Chapter 7 proceedings voids the personal liability of the judgment and bars any future act of collection upon the judgments from property of the Plaintiffs. Thus, the prospective relief sought by the Plaintiffs is unnecessary.

### A. Section 522(f) does not provide for the avoidance of prospective liens on future property.

■ Before expounding upon the broad relief afforded by the Chapter 7 discharge, this Court hastens to note that section 522(f) does not provide the relief the Plaintiffs seek. Prospective liens on future property cannot be avoided by section 522(f). Simple statutory interpretation clearly shows that this section's relief reaches only that property included in "property of the estate" pursuant to section 541 of the Code.

Section 522(f) provides that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under section (b) of this section...". 11 U.S.C. § 522(f) (1979). The reference to subsection (b) limits the available relief of subsection (f) by protecting the property exemptions provided in subsection (b).

Subsection (b) allows a debtor to exempt certain types of property from "property of the estate". 11 U.S.C. § 522(b). "Property of the estate", for the most part, encompasses "all legal or equitable interests of the debtor in property as of the commencement of the case". 11 U.S.C. § 541(a)(1). Therefore, property which debtors acquire after the commencement of the case is, in most instances, not even included in the "property of the estate". Contrary to the Plaintiffs' assertion, a debtor's after acquired property is distinctly different from "property the estate acquires after the commencement of the case". 11 U.S.C. § 541(a)(7). A debtor's after acquired property is outside the estate and, thus, obviously cannot be exempted from the estate. Since subsection (b) does not entitle the Plaintiffs to exempt interests in real property which they might later acquire, no exemption exists to be impaired by a lien. Accordingly, the relief of section 522(f) cannot reach such property. Thus, section 522(f) cannot avoid prospective liens on the property.

■ This interpretation is supported by the syntax of the section's language. When read in its entirety, the language infers three conditions which must exist for the section to apply. First, the debtor must have some property. Second, the debtor must be entitled to claim the property as exempt. Third, a lien must exist which impairs the entitled exemption. Each of these conditions must exist for relief to be afforded. A logical reading offers no indication that a debtor's interests in property acquired after bankruptcy are to be protected by this section. Section 522(f) avoids only those liens which impair exemptions to which the debtor may be entitled during the bankruptcy proceeding.

Moreover, even if section 522(f) could be construed to provide relief for a debtor's future property, the circumstances which these cases present would still render section 522(f) inapplicable. Only a "judicial lien" or a "nonpossessory, nonpurchase money security interest" which is a lien may be avoided to the extent it impairs an exemption. 11 U.S.C. § 522(f). The Plaintiffs seek to avoid "judicial liens". However, this Court finds that no "judicial liens" exist.

A "judicial lien" is a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding". 11 U.S.C. § 101(27). A "lien" is more particularly defined as "a charge against or interest in property to secure payment of a debt or performance of an obligation". 11 U.S.C. § 101(28). Thus, by definition, before a "lien" can be created, a creditor must take a charge against or an interest in property. Before a "judicial lien" can be created, a judgment creditor must obtain a charge against or interest in property by judgment or other legal proceeding as provided by the applicable law. *In re Ashe*, 669 F.2d 105, 108 (3d Cir. 1982).

The Defendants' judgments were outstanding and enforceable against the Plaintiffs at the time they filed for bankruptcy. However, these judgments never created liens under state law. That is, the judgment creditors never took the requisite charge against or interest in property by

judgment, levy or any other process to create the "judicial lien".

According to North Carolina law, if a judgment debtor owns real property a judgment creates a lien on the debtor's real property automatically upon entry of the judgment. N.C.Gen.Stat. § 1–234 (Cum. Supp.1981). But without any real property of the Plaintiffs upon which to attach, no automatic lien is created.

■ Likewise, the Defendants as judgment creditors have no charge against or interest in the real property the Plaintiffs might acquire in the future. The Defendants' judgments cannot create a "judicial lien" until the Defendants attach the liability arising from the judgments upon some property of the Plaintiffs. The language of N.C.Gen.Stat. § 1–234 which provides for a lien on real property acquired by judgment debtors within ten years of the entry of judgment does not create a charge against or interest in real property until the real property is acquired by the judgment debtor. *Webster's Real Estate Law in North Carolina*, §§ 409 and 415 (Hetrick ed. 1981).

If, as in this case, the personal liability of the judgment is discharged in bankruptcy before the real property is acquired, the lien is never created. As discussed below, the Chapter 7 discharge effectively bars its creation.

■ Furthermore, no lien was ever created in the Plaintiffs' personal property. By North Carolina law, if the judgment creditors had levied under writ of execution against the personal property of the Plaintiffs, the levy would create a lien on their personal property. N.C.Gen.Stat. § 1–313(1) (Cum.Supp.1981). However, since no execution against the personal property was initiated, no lien was created.

Thus, no "lien" on any property of the Plaintiffs was ever created. Accordingly, even if section 522(f) were applicable no "judicial lien" exists to be avoided.

B. *The Chapter 7 discharge protects a debtor's interests in property acquired after the filing of bankruptcy.*

■ As noted above, the Plaintiffs initiated this action to quiet whatever liability

might arise from the Defendants' judgments under N.C.Gen.Stat. § 1–234 which might survive their discharge and eventually impair any exemptable interests in real property they acquire in the future. This action is not necessary. The comprehensive relief afforded by the Chapter 7 discharge protects the Plaintiffs' interests in property they acquire after bankruptcy and assures them a "fresh start" in their financial affairs.

A Chapter 7 discharge "discharges the debtor from all debts that arose before the date of the order for relief ...", except for those debts which are nondischargeable under section 523. 11 U.S.C. § 727(b). The effect of a discharge and its legal consequences are further outlined in section 524. 11 U.S.C. § 524. As viewed from the circumstances of these cases, the effect of the discharge has two consequences.

First, the discharge voids the judgments to the extent of the Plaintiffs' personal liability. 11 U.S.C. § 524(a)(1). This absolves the Plaintiffs from any legal obligation to pay the debt represented by the judgments. 3 *Collier on Bankruptcy* ¶ 524.-01 (15th ed. 1981). If the Defendants had obtained enforceable liens, the liens would survive the discharge and could provide satisfaction of the debt to the extent the values of the encumbered property and the liens would allow. *Id.* Even under the former Bankruptcy Act, which provided a discharge of a more limited scope, the courts of North Carolina recognized that the bankruptcy discharge protected a discharged debtor from the personal liability of discharged judgments. *Trust Co. v. Parker*, 232 N.C. 512, 61 S.E.2d 441 (1950).

Second, the discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect ... any [discharged] debt as a personal liability of the debtor or from property of the debtor...". 11 U.S.C. § 524(a)(2). Judgment creditors are thereby prohibited from attaching liens to property of the debtors or from taking any action against debtors to collect the discharged debts. 3 *Collier on Bankruptcy* ¶ 5204.04.

In these cases, the Defendants' judgments cannot be used to attach liens to real property the Plaintiffs may someday acquire. Such an action is prohibited since that would be a "continuation of an action" to collect a discharged debt "from property of the debtor". 11 U.S.C. § 524(a)(2).

The bankruptcy discharge as provided by section 524(a)(2), protects "property of the debtor" from the collection attempts of creditors holding discharged debts. "Property of the debtor" is that property acquired by the debtor after commencement of the bankruptcy case. 3 *Collier on Bankruptcy* ¶ 524.01. Accordingly, if the Plaintiffs someday acquire real property the Defendants are forever barred by the discharge injunction from attempting to collect upon their judgments. This includes direct attempts against the Plaintiffs and any indirect attempts such as the attachment of a lien upon their real property.

The bankruptcy discharge is designed to provide broad comprehensive relief to the debtor and assure the debtor a "fresh start". This fresh start provides the debtor with a "new opportunity in life and clear field for future effort, unhampered by the pressure and discouragement of preexisting debt". *Williams v. United States Fidelity & Guar. Co.*, 236 U.S. 549, 554–55, 35 S.Ct. 289, 290, 59 L.Ed. 713 (1915). The Plaintiffs' "fresh start" is assured. The Plaintiffs' liability under the Defendants' judgments is absolved and the Defendants are forever barred from collecting these debts from property the Plaintiffs acquire after bankruptcy.

C. *N.C.Gen.Stat. § 1–245 accommodates a debtor's "fresh start".*

■ The State of North Carolina has a long-standing procedure to accommodate the bankruptcy discharge. N.C.Gen.Stat. § 1–245 (Cum.Supp.1981). This statute outlines a procedure which effectively gives notice that judgments which have been discharged in bankruptcy no longer have the power to create a lien upon property of the dis-

charged debtor. *See A Survey of Statutory Changes in North Carolina in 1937*, 15 N.C. L.Rev. 320, 336 (1937).

By the statutory procedure, once the Plaintiffs provide the proper certificate from this Bankruptcy Court to the Clerk of the Superior Court where these judgments are on record, the Clerk will enter a notation upon these judgments that they are discharged through bankruptcy. N.C.Gen. Stat. § 1–245. As a result, the inefficacy of the judgments will be noted in the state records and will presumably clear the record of title if the Plaintiffs wish to sell real property they may someday acquire. Rendleman, *The Bankruptcy Discharge: Toward a Fresher Start*, 58 N.C.L.Rev. 723, 753 (1980).

Thus, the Plaintiffs' concern regarding the possible future impact of these judgments is unfounded. The effect of the bankruptcy discharge provides the Plaintiffs with a "fresh start" by rendering these judgments unenforceable. Furthermore, N.C.Gen.Stat. § 1–245 accommodates this "fresh start" by giving notice of the impotence of these judgments.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Plaintiffs' complaints to avoid judicial liens be, and are hereby, dismissed.